|   |   |   |
|---|---|---|
|   | UNITED STATES DISTRICT COURT | |
|   | SOUTHERN DISTRICT OF CALIFORNIA | |
|   | SALVADOR GUTIERREZ-GALVAN ) | Civil No. 08cv1606 JAH |
|   | Petitioner, ) ) | Criminal No. 06cr2429 JAH |
|   | v. ) | **ORDER DENYING MOTION** |
|   | UNITED STATES OF AMERICA, ) ) | [28 U.S.C. § 2255] |
|   | Respondent. ) ) | |

**INTRODUCTION**

Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on August 29, 2008. (Dkt. No. 43.) This court issued an order requiring respondent to file and serve a responsive pleading no later than October 10, 2008, and permitting petitioner to file a traverse or other appropriate pleading no later than October 31, 2008. (Dkt. No. 44.) Respondent filed a response to the petition on October 10, 2008. (Dkt. No. 45.) Petitioner has not filed a traverse or other pleading.

After a thorough review of the record in this case and the parties' submissions, and for the reasons set forth below, this Court hereby **DENIES** petitioner's motion.

**BACKGROUND**

On November 15, 2006, a federal grand jury returned a four-count indictment against petitioner: two counts of bringing illegal aliens into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and two counts of transporting illegal aliens resulting in serious bodily injury in violation of § 1324(a)(1)(A)(ii). On February

1, 2007, petitioner entered into a plea agreement with respondent whereby, in exchange for petitioner's guilty plea, respondent would recommend a U.S. Sentencing Guidelines offense level of nineteen and a sentencing range of forty-six to fifty-seven months.

On February 1, 2007, this Court held a change of plea hearing. As to the medication petitioner was taking at the time of his plea, this Court engaged in a plea colloquy with petitioner as follows:

> The Court: I will ask you some questions now so that I can determine whether or not your plea of guilty is made knowingly and voluntarily, and whether there is a reason for you to plead guilty today.
>   If you fail to understand any question, feel free to ask me to repeat it, and if at any during the course of our discussion, if you'd like to speak with your lawyer, just let me know. You can have as much time to speak to your lawyer as you need.
>   Do you understand?
> The Defendant: Yes, sir.
> The Court: Have you taken any medication, drugs or other substances within the last 72 hours that could impact on your ability to understand what you're doing here today?
> The Defendant: No, sir.
> The Court: Are you taking – I noticed you came in on crutches.
>   Are you taking any medication for anything now?
> The Defendant: Yes. For the pain.
> The Court: Painkillers?
> The Defendant: Yes.
> The Court: What type, do you know?
> The Defendant: I don't know the name of them.
> The Court: All right. How long have you been taking these painkillers?
> The Defendant: Since I got here.
> The Court: All right. Do they have any impact on your thought process or your ability to understand what you're doing here?
> The Defendant: No, sir.
> The Court: All right.
> Mr Ryan [petitioner's trial counsel]: He was injured on November 3rd, your honor; so it's been quite a while back. It's probably not as severe an amount, or high rate of medicine that he was taking originally.
> The Court: All right. Thank you, counsel.

(Dkt. No. 36 at 5-6.)

This Court then proceeded with a full plea colloquy, ultimately finding that petitioner's plea was "made knowingly and voluntarily, with a full understanding of the nature of the charge, his rights and the consequences of pleading guilty, that is, the giving up of all of those rights, and with a full understanding of the maximum punishment he faces, based upon the plea." (Id. at 18.)

On April 25, 2007, petitioner appeared before this Court for sentencing.

Notwithstanding respondent's recommendation that petitioner be sentenced to forty-six months, this Court sentenced petitioner to seventy-one months, following the Probation Department's pre-sentence report that recommended a two-level increase for reckless endangerment during flight under U.S.S.G. § 3C1.2.

On July 5, 2007, petitioner obtained new counsel and filed a notice of appeal with the Ninth Circuit. (Dkt. No. 32.) On appeal, petitioner argued this Court erred by increasing his offense level under both U.S.S.G. §§ 2L1.1 and 3C1.2. (Dkt. No. 46 at 3.) Petitioner further argued that this Court erred when it enhanced his sentenced pursuant to § 3C1.2 because it applied the enhancement based on conduct that did not create a risk of serious bodily injury. (Id.) On July 9, 2008, the Ninth Circuit issued an unpublished decision holding that, while this Court erred in applying § 3C1.2, the error was harmless because this Court stated it would have imposed the same sentence even if its application of § 3C1.2 was in error. (Id.) Petitioner did not argue on appeal that his plea was not knowing and voluntary, nor did he argue that he was denied the effective assistance of counsel.

## DISCUSSION

Petitioner contends his judgment of conviction and sentence should be vacated on two grounds: (1) his plea was not knowingly and voluntarily entered because he was under the influence of pain medications he received in connection with an ankle surgery, and (2) he was denied the effective assistance of counsel in that his counsel "was in a hurry to get the case over with" and that his counsel convinced him to plead guilty without waiting for petitioner to be off the pain medication he was taking at the time. (Dkt. No. 43 at 4.)

In response, respondent contends petitioner's claim that his guilty plea was not knowing or voluntary is procedurally defaulted because petitioner failed to raise his claim on direct appeal. (Dkt. No. 45 at 5.) Even if petitioner's motion were not procedurally barred, however, respondent asserts that the record, and in particular petitioner's plea colloquy with the court, demonstrates that petitioner's plea was knowing and voluntary. Respondent further asserts that petitioner was not denied the effective assistance of

counsel because petitioner offers no facts that demonstrate the performance of petitioner's trial counsel fell outside the "range of competence demanded of attorneys in criminal cases," nor does petitioner offer any facts that demonstrate that "but for his counsel's errors, he would not have pleaded guilty but rather would have insisted on going to trial."

## I.      Knowing and Voluntary Guilty Plea

### A.      Legal Standard

The United States Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." Bousley v. United States, 523 U.S. 614, 621 (1998). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Id. (internal citation omitted). "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Id. "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Id. (internal citation omitted). A petitioner who fails to raise the issue of the voluntariness and intelligence of his or her guilty plea on direct appeal has procedurally defaulted the claim. See id.

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only by demonstrating (1) cause and actual prejudice or (2) actual innocence. Id. at 622-23.

### B.      Analysis

Petitioner failed to raise his claim that his guilty plea was not knowing and voluntary on direct appeal. Thus, his claim is procedurally defaulted. Petitioner offers no facts demonstrating cause and actual prejudice, nor does he offer any facts demonstrating he is actually innocent. Accordingly, petitioner may not collaterally attack his guilty plea by way of a § 2255 motion.

## II.     Ineffective Assistance of Counsel

### A.      Legal Standard

The Sixth Amendment to the Constitution provides that every criminal defendant

has the right to effective assistance of counsel.  In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the test for determining whether a criminal defendant's counsel rendered constitutionally ineffective assistance.  To sustain a claim of ineffective assistance, a petitioner has the burden of showing (1) that his or her defense counsel's performance was deficient, and (2) that the deficient performance prejudiced his or her defense.  Id. at 690-92; Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir. 1995).

To satisfy the deficient performance prong of the Strickland test, a petitioner must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985).  In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." Strickland, 466 U.S. at 689.  To satisfy the second prong, a petitioner must show that he or she was prejudiced by the deficient representation he received.  The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).  Specifically, a petitioner that seeks to use a claim of ineffective assistance of counsel to challenge a guilty plea must demonstrate a "reasonable probability that, but for [his or her] counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial." Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (internal citation omitted).

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

**B.    Analysis**

Petitioner's claim that he was denied the effective assistance of counsel states in full: "My attorney at the time convinced me to plea [sic] guilty it was ok to plea [sic] guilty.  He did not wait for me to be off my medication to continue with the case.  He was in a hurry to get the case over with.  I finally realized my mistake and he told me it was to [sic] late.  I had to tell the judge I wasn't aware of my actions."

Petitioner asserts no facts that overcome the presumption that his trial counsel's performance was "within the range of competence demanded of attorneys in criminal cases." The record demonstrates that petitioner's counsel was aware that petitioner was taking medication and that petitioner's medication did not affect petitioner's understanding of his guilty plea given the small amount of medication petitioner was taking several months after his ankle surgery. Indeed, petitioner confirmed, on the record, that his medication did not affect his ability to understand the full meaning and effect of his guilty plea. Given the consideration that petitioner's counsel gave to the fact that petitioner was taking medication, including a consideration of the length of time between petitioner's surgery and the change of plea hearing, this Court finds that petitioner has failed to demonstrate that his counsel's performance was deficient. To the extent petitioner argues his counsel rendered ineffective assistance because "he was in a hurry to get the case over with," petitioner's argument is conclusory. Petitioner asserts no facts demonstrating why, even if his counsel were "in a hurry," such performance was deficient.

Moreover, petitioner asserts no facts that would satisfy the prejudice prong of the Strickland standard as set forth in Womack. That is, petitioner fails to assert facts demonstrating that, but for his counsel's alleged ineffective assistance, he would have not pleaded guilty but would have insisted on going to trial. Accordingly, petitioner's claim that he received constitutionally ineffective assistance of counsel is without merit.

## CONCLUSION

After a careful review of the record in this case and the parties' submissions, and for the foregoing reasons, **IT IS HEREBY ORDERED** that petitioner's motion is **DENIED**.

Dated: September 6, 2011

JOHN A. HOUSTON
United States District Judge